.

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10   MANUEL AYALA ALVAREZ,

11                  Plaintiff,                    CIV S-06-1198 MCE  PAN (GGH) PS

12            v.

13   SGT. BANNING, Badge #179,                         ORDER
     DEPUTY ROSS, Badge #798,
14   DEPUTY TREAT, Badge #626,

15                  Defendants.
     _____/
16

17            Plaintiff, proceeding in this action pro se, has requested leave to proceed in

18   forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court

19   pursuant to E. D. Cal. L. R. 72-302(21).

20            Plaintiff has submitted an affidavit making the showing required by 28 U.S.C.

21   § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

22            However, the determination that plaintiff may proceed in forma pauperis does

23   not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to

24   dismiss a case at any time if it determines the allegation of poverty is untrue, or if the action is

25   frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

26   relief against an immune defendant.  The complaint must also comply with the general rules of

1  pleading set forth in Fed. R. Civ. P. 8(a), which requires that complaints set forth (1) the grounds

2  upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing

3  entitlement to relief; and (3) a demand for the relief plaintiff seeks.  Additional general grounds

4  for dismissing a proposed complaint are improper form (Fed. R. Civ. P. 10(b)); lack of subject

5  matter jurisdiction (Rule 12(b)(1)); and failure to state a claim upon which relief may be granted

6  (Rule 12(b)(6)).  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519,

7  520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th

8  Cir. 1988).

9              The complaint[1] alleges defendant law enforcement officers physically injured

10  plaintiff while he was incarcerated in the Sacramento County Main Jail commencing April 17,

11  2002, denied him basic civil rights and discriminated against him based on race, ethnicity or

12  national origin.  The handwritten complaint includes an unsigned declaration which states the

13  following.  On April 17, 2002, while plaintiff was lying on his bunk, several deputies, including

14  the three named defendants, entered plaintiff's cell "to forcse [him] out of [his] cell to see pyhic

15  [sic].  I continued to refuse just like on other dates."  Deputy Banning pulled plaintiff off the top

16  bunk onto the floor, where plaintiff landed on his back, and Deputies Ross and Treat bent back

17  plaintiff's limbs, "trieng to breack my arms and legs," causing plaintiff severe pain.  Despite

18  injury to plaintiff's back, defendants refused plaintiff's request to obtain a wheel chair to attend

19  subsequent court hearings, forcing plaintiff to walk in shackles.  The complaint and declaration

20  include a copy of a physician's report interpreting plaintiff's May 5, 2004 lumbar MRI, which

21  identified in pertinent part a "[l]arge right paracentral extrusion L5-S1 contacting the right S1

22  nerve root.  Desiccated Disc L5-S1."

23

24  [1] Plaintiff has filed several proposed complaints in this court based on his eligibility to
proceed in forma pauperis; virtually all of the complaints challenge various actions of law
enforcement and include many of the same defendants.  This court has fully addressed the merits
25  of at least one of these cases, Alvarez v. Treat et al., Civ. S-05-0169 DFL PAN (JFM) PS,
wherein plaintiff challenged his arrest and detention May 12, 2004 by, inter alia, Officer Treat,
26  also named herein.

1    Plaintiff's declaration further provides that in retaliation for filing grievances

2    and complaints against defendants, and in an effort to force plaintiff to plead guilty to fabricated

3    charges, defendants restricted plaintiff to a "discipline diet" for 28 days, during which plaintiff

4    resorted to "eat[ing] toilet paper and newspaper because of the pain in my stomach."  Plaintiff

5    was thereafter refused toilet paper, writing paper and envelopes, and was not allowed to shave,

6    shower, obtain a haircut or perform other tasks of personal hygiene.  Plaintiff states he was

7    placed in isolation for 8 months and given a "psych profile" to cover up defendants' conduct and

8    diminish plaintiff's credibility.

9    Additionally, plaintiff states that on April 13, 2002, Deputy Ross inexplicably

10   provided another inmate with plaintiff's name, address and phone number.

11   Plaintiff alleges violation of his civil rights under the Eighth and Fourteenth

12   Amendments and, therefore implicitly, 42 U.S.C. § 1983.[2]  He also asserts causes of action for

13   assault and battery, intentional infliction of emotional distress, abuse of process, "false light,"

14   invasion of privacy and defamation.  Plaintiff seeks $30,000,000 damages "and such other relief

15   as the court may deem appropriate."

16   Plaintiff's complaint establishes this court's civil rights jurisdiction under 28

17   U.S.C. § 1343(c) and federal question jurisdiction under 28 U.S.C. § 1331; pendant state claims

18   may be considered pursuant to 28 U.S.C. § 1367.  The complaint asserts cognizable claims for

19   relief pursuant to 42 U.S.C. § 1983.

20   Accordingly, IT IS ORDERED that:

21   1.  Plaintiff's request to proceed in forma pauperis is granted;

22   2.  The Clerk of the Court is directed to issue forthwith, and the U.S. Marshal

23   is directed to serve within ninety days of the date of this order, all process pursuant to Fed. R.

24

25   [2] Plaintiff also asserts he is entitled to recover damages based on principles of strict liability in tort due to his compliance with the requirements of the Federal Tort Claims Act; however, plaintiff's pertinent attachment demonstrates only that on May 16, 2006, Sacramento County denied plaintiff's claim because untimely filed.

26

1  Civ. P. 4, including a copy of this court's status order, without prepayment of costs.

2        3.  The Clerk of the Court shall send plaintiff four USM-285 forms, one

3  summons, a copy of the complaint, an appropriate form for consent to trial by a magistrate judge,

4  and this court's status order.

5        4.  Plaintiff is directed to supply the U.S. Marshal, within 15 days from the

6  date this order is filed, all information needed by the Marshal to effect service of process.  The

7  court anticipates that, to effect service, the U.S. Marshal will require at least:

8        a.  One completed summons;

9        b.  One completed USM-285 form for each defendant;

10        c.  A copy of the endorsed filed amended complaint for each

11          defendant, with an extra copy for the U.S. Marshal; and

12        d.  A copy of this court's status order for each defendant.

13        5.  In the event the U.S. Marshal is unable, for any reason whatsoever, to

14  effectuate service on any defendant within 90 days from the date of this order, the Marshal is

15  directed to report that fact, and the reasons for it, to the undersigned.

16        6.  The Clerk of the Court is directed to serve a copy of this order on the U.S.

17  Marshal, 501 "I" Street, Sacramento, Ca., 95814, Tel. No. (916) 930-2030.

18  DATED: 8/17/06

19                            /s/ Gregory G. Hollows

20                            GREGORY G. HOLLOWS
                             U. S. MAGISTRATE JUDGE

21  NOW6:ALVAREZ.ifp.1198

22

23

24

25

26

4